**FAIPA TAALA, Claimant**

**v.**

**FONOMAITU O. FONOTI and PAUELI SATELE,**
**Counter-Claimants**

**[In the Matter of the Matai Title "FONOTI" of Aunu'u]**

High Court of American Samoa
Land and Titles Division

MT No. 04-90

October 15, 1991

Before KRUSE, Chief Justice, VAIVAO, Associate Judge, AFUOLA, Associate Judge, MATA'UTIA, Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Claimant, Roger Hazell
 For Counter-Claimant Fonomaitu, Togiola T.A.
 Tulafono
 For Counter-Claimant Paueli, Tauese P.F. Sunia

On March 14, 1989, Faipa Ta'ala filed her application with the Territorial Registrar to be registered as the holder of the matai title Fonoti, attached to the village of Aunu'u. This attracted the respective objection and counter-claims of Fonomaitu Fonoti, filed March 17, 1989, and Paueli Satele, filed May 15, 1989. Ensuing family meetings to select a matai, both in the village and before the Office of Samoan Affairs pursuant to Title 43 A.S.C.A. Chapter 03, were unsuccessful. Hence

this litigation resulted.

When this matter came on for trial, we dismissed Faipa Ta'ala's claim for failure to comply with the requirements of T.C.R.I.T. 3. Not only had she failed to respond to the questionnaire made and provided for in these cases, but she has also shown no real interest in pursuing her claim.[1] Accordingly, we were left with the merits of the counter-claims.

Fonomaitu first presented his case. After he had rested, Satele moved to disqualify him on the grounds that he did not meet the residency requirements of A.S.C.A. § 1.0404. Anticipating the motion, the latter in his testimony claimed to be a resident of Aunu'u, although at the same time he admitted that he has been living in California. However, Fonomaitu attributes his presence in California to his medical needs, and argues that he is, therefore, a resident of the territory within the contemplation of A.S.C.A. § 1.0404.[2]

---

[1] Faipa Ta'ala filed her application with the Territorial Registrar even before the family had met to address the appointment of a successor matai. She believes that the appointment of a Fonoti titleholder is within her gift and it seems that her application was motivated as an act of pule. She testified that she has pointed her finger to (and in support of) Fonomaitu.

[2] A.S.C.A. § 1.0404 provides in pertinent part:

> (a) Except as provided in subsection (b) and (c), no one is eligible to claim or object to the succession to a matai title unless he has resided in American Samoa for one calendar year immediately preceding the date of the claim or objection
>
> (b) The territorial registrar shall keep a record of the names of those bona fide residents of American Samoa who are absent from the Territory for any of the following reasons:
>
> . . .
>
> (3) medical treatment and recuperation;
>
> . . .
>
> (c) Any person on such record is eligible to claim or object to the succession to a matai title as if he actually resided in American Samoa.
>
> (d) A person's name shall be recorded upon

The law requires, among other things, that a claimant seeking to register or object to matai succession be a resident of the territory for a period of "one calendar year immediately preceding the date of claim or objection." A.S.C.A. § 1.0404(a). Here the evidence failed to show that Fonomaitu had in fact resided in the territory for the calendar year immediately preceding the filing of his objection and counter-claim. Rather, the evidence showed that, but for the period between 1983 to 1985, Fonomaitu had actually been living off-island since he first departed the territory in 1969 to join the armed forces. He has periodically visited Samoa.[3]

We turn to Fonomaitu's claim to permissible absence on the grounds of medical need. The law further provides that an absentee "bona fide" resident of the territory nonetheless remains eligible to claim or object to succession, if the reason for his absence comes within one of those enumerated grounds contained in § 1.0404(b)(1) through (5); and he has registered as an absent resident with the office of the Territorial Registrar in accordance with the provisions of A.S.C.A. § 1.0404(b) and (d).[4]

In support of his claim to permissible absence, Fonomaitu furnished a letter from his family doctor in California together with copies of his registration as an absent resident. Fonomaitu's name was recorded on the absent resident register on March 15, 1988, and then again on November 7, 1988. He has complied with that aspect of the

---

the petition of 5 adult members of his family. The recording shall be effective for 2 years.

[3] We reject counsel's submission to the effect that occasional visits to the territory coupled with the intent to some day return, constitute residency in American Samoa notwithstanding an extended absence. The statute in question talks of "bona fide residents," A.S.C.A. § 1.0404 (b), and permissible absences whereby an absentee may nonetheless file a claim or object to a succession "as if he actually resided in American Samoa." A.S.C.A. § 1.0404 (c) (emphasis added). Furthermore, the word "residence," as this Court has said before, "imports something of expected performance in way of personal presence." In re Matai Title Fagaima, 4 A.S.R. 83, 86 (1973) (emphasis added).

[4] Such registration is good only for a period of two years. See A.S.C.A. § 1.0404(d).

24

statute relating to absent resident registration.

The letter from his doctor, however, is at best equivocal on the other statutory requirement at issue; that is, whether Fonomaitu was absent from the territory during the year immediately preceding the filing of his objection/counterclaim (March 1988 to March 1989) by reason of "medical treatment and recuperation." A.S.C.A. § 1.0404(b)(3). His doctor's letter, dated September 27, 1991, is a very brief, one-paragraph note, which hardly seems to have been prepared to specifically address the residency factors posed by the statute. The letter does not speak to any particular frame of time; it begins by alluding very generally to Fonomaitu being under the doctor's care for "multiple medical problems." It then essentially explains that because of a past gastrectomy (date of operation unspecified), Fonomaitu has dumping syndrome "with other relative gastrointestinal problems" and that he gets his vitamin B12 by way of injections. Lastly, the letter mentions "arthritis and lower back syndrome" and concludes that Fonomaitu needs "continuous medical care."

The court is unable to conclude, on the extent of this evidence, that Fonomaitu was absent from the territory for the relevant calendar year period (March 1988 to March 1989) because of medical reasons. There is simply nothing to suggest that Fonomaitu's medical needs could not have been accommodated had he lived on-island at the time. Nor has there been anything to suggest that his VA (Veterans Administration) benefits[5] would have been prejudiced had he been living in the territory. Indeed, Fonomaitu quite candidly admitted on the stand that he is able to return to the territory and that the appropriate transfer of his VA records could be arranged. He further testified that if awarded the Fonoti title he would return to stay. On these facts, we conclude that Fonomaitu Fonoti is, for the time being, ineligible to claim succession to the title Fonoti in that he fails to meet the residency requirements of A.S.C.A. § 1.0404.

On the other hand, the evidence does show that Satele meets the basic qualifications and is eligible to claim succession to the matai title Fonoti. On the foregoing, it is the judgment of the court that Paueli Satele shall be registered as the successor to the matai title Fonoti,

---

[5] Fonomaitu testified that he had undergone his gastrectomy in 1972 while still in the armed forces. As a result he was discharged on full medical disability.

attached to the village of Aunu'u. Certification to the Territorial Registrar pursuant to A.S.C.A. § 1.0409 shall be made accordingly.

It is so ordered.